UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| | ) | |
| Plaintiff(s), | ) | 2:15-cv-00887-GMN-NJK |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| ROBBIE CHAPMAN, | ) | |
| | ) | |
| Defendant(s). | ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

I. *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

II. **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint indicates that he has been declared a vexatious litigant by "the California Courts." Docket No. 1-1 at 1.[1] In an apparent effort to circumvent that ruling, Plaintiff brings his case here in the "hopes that Nevada officials give him the chance to do this case." *Id.*

The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). "Under 28 U.S.C. § 1406(a), the court may dismiss an action laying venue in the wrong district." *Greene v. Southland Transit, Inc.*, 2011 U.S. Dist. Lexis 24761, *2 (E.D. Cal. Mar. 10, 2011) (same), *adopted*, 2011 U.S. Dist. Lexis 35541 (E.D. Cal. Mar. 30, 2011).

In this case, Plaintiff purports to bring a state law cause of action for negligent infliction of emotional distress in a dispute that appears to relate to dental care. *See* Docket No. 1 at 1, 3. The events giving rise to his claim appear to have occurred in California. *See id.* at 1-2. Plaintiff has not alleged explicitly in which district Defendant resides, but he indicates that she is employed in

---

[1] Plaintiff has filed ten cases in this District since January 20, 2015. *See Greene v. Greyhound Lines, Inc.*, 2:15-cv-00115-GMN-PAL (filed January 20, 2015); *Greene v. Greyhound Lines, Inc.*, 2:15-cv-00174-RFB-GWF (filed January 30, 2015); *Greene v. Sprint Nextel Corporation*, 2:15-cv-00238-RFB-NJK (filed February 11, 2015); *Greene v. The People of the State of California*, 2:15-cv-300-JAD-PAL (filed February 18, 2015); *Greene v. The People of the State of California*, 2:15-cv-378-JAD-PAL (filed March 3, 2015); *Greene v. Alhambra Hospital Medical Center*, 2:15-cv-00451-JAD-NJK (filed March 11, 2015); *Greene v. Logisticare Solutions, LLC*, 2:15-cv-00523-RFB-NJK (filed March 23, 2015); *Greene v. Taylor*, 2:15-cv-598-APG-CWH (filed April 1, 2015); *Greene v. Los Angeles Police Department*, 2:15-cv-815-APG-PAL (filed April 30, 2015); *Greene v. Chapman*, 2:15-cv-887-GMN-NJK (filed May 12, 2015).

1  Sacramento, California.  *See id.* at 2.  Hence, it does not appear that Defendant resides here.[2]
2  Plaintiff has failed to allege any connection of any kind between this case and this District.  Instead,
3  it appears that the proper venue for this action is in California and the District of Nevada is not a
4  proper venue for Plaintiff's lawsuit.

5        In addition to the above, the complaint alleges that Plaintiff has suffered damages in the
6  amount of $65,000.  To invoke this Court's diversity jurisdiction, the amount in controversy must
7  exceed $75,000.  *See, e.g.*, 28 U.S.C. § 1332(a).  It also appears that Plaintiff and Defendant are both
8  residents of California.  *See* Docket No. 1-1 at 1-2.  As such, diversity among the parties also appears
9  lacking.  Accordingly, there is no federal subject matter jurisdiction over this case.

10        In short, this District is not the proper venue for this action and Plaintiff fails to plead a basis
11  for exercising federal jurisdiction.  These deficiencies cannot be cured by amendment.  Accordingly,
12  the undersigned **RECOMMENDS** that this case be dismissed without prejudice.

### NOTICE

14        Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must**
15  **be in writing and filed with the Clerk of the Court within 14 days of service of this document.**
16  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived
17  due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142
18  (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2)
19  failure to properly address and brief the objectionable issues waives the right to appeal the District
20  Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951
21  F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.
22  1983).

23  Dated: May 13, 2015

                                                                                                 
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Natural persons are deemed to reside in the judicial district in which they are domiciled. *See* 28 U.S.C. § 1391(c)(1).  Plaintiff does not expressly allege the district in which Defendant is domiciled, but it appears from the allegations to be in Sacramento.